UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSE EFRAIN SAETEROS TACURI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. 1:26-cv-00236-MSM-PAS |
| MICHAEL NESSINGER, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Jose Efrain Saeteros Tacuri's Petition for Writ of Habeas Corpus. (ECF No. 1.) Mr. Tacuri is an Ecuadorian and Spanish citizen who entered the United States in 2019 through the Visa Waiver Program. *Id.* ¶ 2. On April 20, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Mr. Tacuri, who remains detained. *Id.* ¶¶ 3–5. Mr. Tacuri petitions the Court for a Writ of Habeas Corpus ordering his immediate release or, in the alternative, an order directing the Immigration Court to conduct a bond hearing for him. For the following reasons, the Court DENIES Mr. Tacuri's Petition.

Generally, an alien detained by ICE is held under 8 U.S.C. § 1226(a), "pending a decision on whether the alien is to be removed from the United States." Individuals held under this statute are normally entitled to individualized bond hearings to determine whether release pending removal is appropriate. *See* 8 C.F.R. § 1236.1(d);

*Tomas Elias v. Hyde*, No. 25-CV-540-JJM-AEM, 2025 WL 3004437, at \*1 (D.R.I. Oct. 27, 2025).  "However, once 'an alien is ordered removed,' his detention becomes subject to § 1231, which provides that 'the Attorney General shall remove the alien from the United States within a period of 90 days.'"  *D'Ambrosio v. McDonald*, 793 F. Supp. 3d 271, 275 (D. Mass. 2025) (quoting 8 U.S.C. § 1231(a)(1)(A)).  During that 90-day period, "the Attorney General *shall* detain the alien."   8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Under 8 U.S.C. § 1187(b)(2), an individual admitted under the Visa Waiver Program must waive any right "to contest, other than on the basis of an application for asylum, any action for removal."  Here, on the day of his arrest by ICE, Mr. Tacuri was presented with the government's "Notice of Intent" to issue a "Final Administrative Removal Order" informing him that, as a condition of his admission under the Visa Waiver Program, he "agreed to waive [his] right to contest any removal action, other than on the basis of an application for asylum."  (ECF No. 5-1 at 4.)  The "Certificate of Service" accompanying the Notice of Intent indicates that Mr. Tacuri refused to acknowledge receipt of the document and refused to sign it.  *Id.* at 5.  According to the unsigned Certificate of Service, Mr. Tacuri admitted the allegations in the Notice of Intent and did not request Asylum or make any other claim for relief from removal.  *Id.*  He received a Final Administrative Removal Order that same day.  *Id.* at 6.

Mr. Tacuri argues that, because he did not sign the Notice of Intent, it does not constitute evidence that he abdicated his right to apply for asylum.  (ECF No. 6 ¶ 4.)

2

He alleges that the reason he did not apply for asylum at that time is because the ICE officers communicating with him refused to provide him with an asylum application. *Id.* But he does not contest the fact that he was presented with the Notice of Intent, which expressly provided him with the opportunity to contest his immediate removability by requesting asylum. *See id.* He does not claim that he was unable to understand the Notice of Intent, which was certified as having been explained to him in Spanish. (ECF No. 5-1 at 5.) While it is true that the unsigned Notice of Intent may not establish that he affirmatively *waived* any right to apply for asylum, it does indicate that he did not exercise that right when given the opportunity to do so formally.

Mr. Tacuri alleges that his reluctance to sign the Notice of Intent and indicate his application for asylum therein stems from his lack of counsel at that time, and he alleges that he was subsequently denied the opportunity to apply for asylum through other means. (ECF No. 6 ¶ 9.) But even if this were true and were otherwise enough to overcome his failure to assert his asylum claim when given the opportunity to do so through the Notice of Intent, it appears that his asylum application would be untimely under 8 U.S.C. § 1158(a)(2)(B), which prohibits an application for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." Mr. Tacuri supplies no reason for why this time limit—under which, the paragraph providing for asylum applications "shall not apply"—should not bar his attempt to seek asylum now.

Mr. Tacuri's failure to timely challenge his removal based on an application for asylum means that his subsequent Final Administrative Removal Order is valid, that his detention now falls under 8 U.S.C. § 1231, and that he is therefore not entitled to immediate release or a bond hearing.  As such, his Petition for Writ of Habeas Corpus is DENIED.


IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

May 29, 2026

4